United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40486
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT ROSALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(6:03-CR-97-ALL)
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Vincent Rosales appeals the sentence imposed by the district court following his guilty-plea conviction for aiding and abetting the possession of a stolen firearm. 18 U.S.C. §§ 2, 922(j), 924(a)(2). Rosales argues that the district court erred in increasing his offense level by four levels under U.S.S.G. § 2K2.1(b)(5) for possessing a firearm in connection with the felony offense of burglary, arguing that the stolen firearm was not used "in connection with" the burglary but, rather, was the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"object" of the burglary. Rosales misses the mark. First, the guideline in question applies disjunctively to use <u>or</u> possession; and Rosales indisputably possessed the firearm in question during the burglary, from the time it was stolen for the remainder of the burglary. <u>See</u> <u>United States v. Luna</u>, 165 F.3d 316, 323-24 (5th Cir. 1999). Second, the district court did not clearly err in determining that Rosales possessed a firearm "in connection with" the burglary offense. <u>See</u> <u>United States v. Armstead</u>, 114 F.3d 504, 512 (5th Cir. 1997); <u>United States v. Condren</u>, 18 F.3d 1190, 1193, 1199-1200 (5th Cir. 1994); <u>see</u> <u>also</u> <u>United States v. Luna</u>, 165 F.3d at 322-24. The sentence imposed by the district court is AFFIRMED.